UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARABI CHOWDHURY, individually and on behalf of all others similarly situated,

                       Plaintiff,

v.

NORTH SHORE HEMATOLOGY-ONCOLOGY ASSOCIATES PC

                       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Arabi Chowdhury ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, brings this action for damages and other legal and equitable relief from Defendant North Shore Hematology-Oncology Associates PC ("Defendant"), for violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"); the New York Codes, Rules and Regulations ("NYCRR"); the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1201, *et seq.*, and the New York State Human Rights Law ("NYSHRL"), and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is a collective action brought by Plaintiff challenging acts committed by Defendant against Plaintiff and those similarly situated, which amount to violations of federal and state wage and hour laws.

2. Defendant employed Plaintiff and all those similarly situated as Patient Communication Specialists (collectively with Plaintiff, the "PCSs"). Defendant, however, required the PCSs to work "off-the-clock" whereby they performed integral work before and/or

after their scheduled shift and while "clocked out" without any compensation, including overtime pay, in violation of the FLSA, the NYLL, and the NYCRR.

3. Accordingly, Plaintiff brings this action, pursuant to 29 U.S.C. § 216(b), on behalf of a collective group of persons employed by Defendant as Patient Communication Specialists in Ridge, New York during the past three years through the final date of the disposition of this action who were subject to Defendant's unlawful "off-the-clock" policies whereby they were required to work before/after their scheduled shifts and/or during their breaks without overtime pay at one and a half times their hourly rate for all hours worked in excess of 40 per week in violation of the FLSA and are entitled to recover: (i) unpaid overtime wages; (ii) liquidated damages; (iii) interest; (iv) attorney fees and costs; and (v) such other and further relief as this Court finds necessary and proper.

4. Plaintiff also brings this action pursuant to Fed. R. Civ. P. 23, on behalf of a class of persons employed by Defendant as Patient Communication Specialists employed in Ridge, New York, and Shirley, New York during the past six years through the final date of the disposition of this action who were subject to Defendant's unlawful "off-the-clock" policies whereby they were required to work before/after their scheduled shifts and/or during their breaks without pay at their straight-time and overtime rate in violation of the NYLL/NYCRR and are entitled to recover: (i) unpaid, deducted, and incorrectly paid straight-time wages; (ii) unpaid overtime wages; (ii) liquidated damages; (iii) interest; (iv) attorneys' fees and costs; and (v) such other and further relief as this Court finds necessary and proper.

5. Lastly, Plaintiff individually brings this action pursuant to the NYSHRL for disability discrimination and is entitled to recover (i) back pay; (ii) front pay; (iii) emotional distress damages; (iv) punitive damages; (v) interest; (vi) attorneys' fees and costs; and (vii) such

other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief under the Declaratory Judgment Statute, 28 U.S.C. § 2201, and under 29 U.S.C. §§ 201 *et seq*.

7. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices, conducts business, and resides in this district.

8. The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

## THE PARTIES

9. Plaintiff is a citizen of New York and resides in Selden, New York.

10. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, the NYLL, the NYCRR, the ADA, and the NYSHRL.

11. Defendant is headquartered in Suffolk County, New York.

12. Defendant transacted and continues to transact business within New York and this judicial district by formerly and currently employing the PCSs within Suffolk County, New York,

operating facilities within Suffolk County, New York, and by providing medical services to the citizens of Suffolk County, New York.

13. Defendant has at all relevant times been an "employer" covered by the FLSA, the NYLL, the NYCRR, the ADA, and the NYSHRL.

14. Upon information and belief, the amount of qualifying annual volume of business for Defendant exceeds $500,000.00 and thus subjects Defendant to the FLSA's overtime requirements.

15. Upon information and belief, Defendant is engaged in interstate commerce. This independently subjects Defendant to the overtime requirements of the FLSA.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

16. Plaintiff timely cross-filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

17. Plaintiff has requested the issuance of her Right to Sue Letter from the EEOC before the filing of this lawsuit.

## STATEMENT OF FACTS

### I. Facts Pertaining to Plaintiff and the PCSs

18. Defendant is a medical provider that provides cancer and blood disorder care to its patients.

19. Throughout the relevant time period, the PCSs were employed by Defendant at its call centers in Ridge, New York, and Shirley, New York.

20. The PCSs' job duties included, among other things, taking telephone calls from Defendant's patients and assisting them with their medical treatment.

21. The PCSs were paid on an hourly basis.

22. The PCSs were normally scheduled to work 40 hours per week.

23. The PCSs were normally scheduled to work five days per week.

24. The PCSs' typical scheduled workday was eight and a half hours that included a half-hour unpaid break.

25. The PCSs used Defendant's telephones and computers to perform their job duties.

26. The PCSs were required to "clock in" and "clock out" via Defendant's computerized time recording system called "Workday"

27. The PCSs "clocked in" and "clocked out" of Defendant's time recording system whenever they took their allotted breaks.

28. Throughout the relevant period, Defendant required the PCSs to be ready and able to perform their primary job duties (*e.g.*, receiving patient calls) immediately upon the commencement of their scheduled shift.

29. Pursuant to Section 313 of Defendant's written policy for the PCSs, PCSs are/were to be "ready to work at their working station by their scheduled work time."

30. To be "ready to work" pursuant to Defendant's written policy, the PCSs were required to be ready and able to take telephone calls from Defendant's patients as soon as their shift started.

31. The PCSs could not be "ready to work" at the start of their shift without performing the following prior to the start of their shift: "booting up" their computers, logging into their computers, opening and logging into their emails, opening Defendant's computer programs, and logging into Defendant's computer programs (the "Pre-Shift Work").

32. Defendant's computer programs that the PCSs used were "Onco," "Amazon Link," and "Patient Sync."

33. Onco was used for patient medical records. Amazon Link and Patient Sync were used to communicate with the patients.

34. The Pre-Shift work took between five and 10 minutes to perform.

35. The PCSs could not perform their primary job duties of patient communications without first performing the Pre-Shift Work.

36. The PCSs were permitted to "clock-in" up to five minutes before their shift started, but were threatened with discipline for doing so.

37. The PCSs also performed the same Pre-Shift Work without pay prior to the end of their 30-minute break.

38. Prior to taking their 30-minute unpaid break, the PCSs were required to log off their computers for security reasons.

39. The PCSs were required to be ready and able to take phone calls immediately upon "clocking" back in from their break.

40. Thus, during the last five to 10 minutes of their unpaid break, the PCSs performed the Pre-Shift Work so that they were ready and able to take telephone calls immediately upon their break ending.

41. In addition to performing work before their shifts and during their breaks, the PCSs worked past their shift when they were on telephone calls with patients, as they could not simply hang up the phone once their shift ended (the "Post-Shift Work").

42. The Post-Shift Work could take up to 15 minutes or longer.

43. Although the PCSs were sometimes on telephone calls after their shift, they were still required under threat of discipline, including termination, to "clock out" at the end of their scheduled shift.

44. The PCSs were not paid anything for their time spent performing the Pre-Shift and Post-Shift Work.

45. The PCSs' pay stubs did not reflect the time they spent performing the Pre-Shift and Post-Shift Work.

46. Accordingly, Defendant violated: (i) the FLSA, the NYLL, and the NYCRR by failing to pay PCSs one and a half times their hourly rate for all hours worked in excess of 40 per week; (ii) the NYLL by failing to pay PCSs their straight-time rate for all hours worked under 40 per week; and (iii) the NYLL by failing to issue the PCSs accurate wage statements.

47. Defendant had knowledge of the FLSA's requirement to pay the PCSs overtime for all hours worked in excess of 40 hours per week as its policy provides for overtime pay.

48. Defendant had knowledge of the NYLL's/NYCRR's requirement to pay the PCSs overtime for all hours worked in excess of 40 hours per week as its policy provides for overtime pay.

49. Defendant had knowledge of the NYLL's requirement to pay the PCSs their straight-time rate for all hours worked under 40 hours per workweek as it paid the PCSs on an hourly basis.

50. Defendant's violations of the FLSA, the NYLL, and the NYCRR were willful.

## II.   Facts Pertaining to Plaintiff

51. In or around July 2024, Plaintiff began her employment with Defendant as a PCS.

52. Defendant trained Plaintiff at its Shirley, New York location.

53. Following her training, Plaintiff was assigned to work at Defendant's Ridge, New York location.

54. Plaintiff performed both Pre-Shift and Post-Shift work during her employment for Defendant without any compensation for doing so.

55. During the week of September 30, 2024, Plaintiff worked in excess of 40 hours and was not paid overtime wages for all overtime hours as a result of Defendant not compensating PCSs for Pre-Shift and Post-Shift Work.

56. As a further result of Defendant not compensating Plaintiff for the Pre-Shift and Post-Shift Work, her pay stubs did not reflect all the hours she worked and was not being compensated for. Plaintiff was unable to discern that she was being unlawfully underpaid and was inhibited from bringing an action to recover the wages.

57. Accordingly, Defendant violated: (i) the FLSA, the NYLL, and the NYCRR by failing to pay Plaintiff one and a half times her hourly rate for all hours worked in excess of 40 per week; (ii) the NYLL by failing to pay Plaintiff her straight-time rate for all hours worked under 40 per week; and (iii) the NYLL by failing to issue the Plaintiff accurate wage statements.

58. In December 2024, Plaintiff suffered a knee injury while working for Defendant that impaired her ability to walk and commute.

59. Plaintiff was approved and took short-term leave from December 16, 2024, through December 31, 2024.

60. On December 31, 2024, Plaintiff requested a short-term remote work accommodation until she had corrective surgery and recovered from it. The request was denied. The reason for the denial was simply that it caused Defendant an "undue hardship" because it would have "put too much stress on the company."

61. Defendant previously permitted other PCSs to work remotely such as Leah (last name unknown).

8

62. Thereafter, Plaintiff submitted another three short-term leave requests: January 30, 2025, February 10, 2025, and February 26, 2025. Plaintiff made the leave requests because Defendant refused to accommodate her with a remote-work accommodation.

63. All were denied, and on or around March 6, 2025, Ms. Plaintiff was terminated as she was unable to work in-office until April 30, 2025, as a result of her surgery.

64. Thus, Defendant's failure to accommodate Ms. Chowdhury and her subsequent termination violated the ADA and the NYSHRL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

65. Plaintiff seeks to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on her own behalf as well as those in the following collective:

> All persons employed by Defendant as Patient Communication Specialists employed in Ridge, New York during the relevant time period, who were subject to Defendant's unlawful "off-the-clock" policies whereby they were required to work before/after their scheduled shifts and/or during their breaks without overtime pay at one and a half times their hourly rate for all hours worked in excess of 40 per week.

66. At all relevant times, Plaintiff was similarly situated to all such individuals in the FLSA Collective[1] because while employed by Defendant, Plaintiff and all FLSA Plaintiffs performed similar tasks, were subject to the same laws and regulations, were paid in the same or substantially similar manner, were paid the same or similar rate, were required to work in excess of 40 hours per week, and were subject to Defendant's unlawful uniform "off-the-clock" policies of willfully failing to pay them at the statutorily required rate of one and a half times their hourly rate for all hours worked in excess of 40 per week.

---

[1] Hereinafter referred to as the "FLSA Plaintiffs."

9

67. Defendant is and has been aware of the requirement to pay Plaintiff and the FLSA Plaintiffs at a rate of one and a half times their hourly rate for all hours worked in excess of 40 per week, yet willfully failed to do so.

68. The FLSA Plaintiffs, under Plaintiff's FLSA claim, are readily discernable and ascertainable. All FLSA Plaintiffs' contact information is readily available in Defendant's records. Notice of this collective action can be made as soon as the Court preliminarily certifies the FLSA Collective.

69. All questions relating to Defendant's violations of the FLSA share a common factual basis with Plaintiff. No claims under the FLSA relating to the failure to pay statutorily required overtime premiums are specific to Plaintiff and the claims asserted by Plaintiff are typical of those of members of the FLSA Collective.

70. Plaintiff will fairly and adequately represent the interests of the FLSA Collective and have no interests conflicting with the FLSA Collective.

71. A collective action is superior to all other methods of claim adjudication and is necessary in order to fairly and completely litigate violations of the FLSA.

72. Plaintiff's attorneys are familiar and experienced with collective and class action litigation, as well as employment and labor law litigation.

73. The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual FLSA Plaintiffs also creates a risk for varying results based on identical fact patterns as well as the disposition of the FLSA Collective's interests without their knowledge or contribution.

74. The questions of law and fact are nearly identical for all FLSA Plaintiffs, and therefore, proceeding as a collective action is ideal. Without judicial resolution of the claims asserted on behalf of the FLSA Collective, Defendant's continued violations of the FLSA will undoubtedly continue.

### FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

75. Plaintiff seeks to maintain this action as a class action pursuant to FED. R. CIV. P. 23, on behalf of those who, during the previous six years, were subjected to violations of the NYLL/NYCRR.

76. The Fed. R. Civ. P. 23. Class which Plaintiff seeks to define includes:

> All persons employed by Defendant as Patient Communication Specialists employed in Ridge, New York, and Shirley, New York, during the relevant time period, who were subject to Defendant's unlawful "off-the-clock" policies whereby they were required to work before and/or after their scheduled shift without compensation for doing so.

77. The number of class members protected by the NYLL/NYCRR who have suffered under Defendant's violations of the NYLL/NYCRR as set forth herein, are in excess of 40 and thus are too numerous to join in a single action, necessitating class recognition.

78. All questions relating to the Class's allegations under the NYLL/NYCRR share a common factual basis with those raised by the claims of Plaintiff. No claims asserted herein under the NYLL/NYCRR are specific to Plaintiff or any proposed Rule 23 Class member and the claims of Plaintiff are typical of those asserted by the proposed Rule 23 Class.

79. Plaintiff will fairly and adequately represent the interests of all members of the proposed Rule 23 Class.

80. A class action is superior to all other methods of adjudication and is necessary in order to fairly and completely litigate the Rule 23 Class's allegations that Defendant violated the NYLL/NYCRR.

81. The class members of the proposed Rule 23 Class are readily discernable and ascertainable. Contact information for all members of the proposed Rule 23 Class[2] is readily available from Defendant since such information is likely to be contained in their personnel files. Notice of this class action can be provided by any means permissible under the FED. R. CIV. P. 23 requirements.

82. Plaintiff asserts these claims on their own behalf as well as on behalf of the Rule 23 Plaintiffs through their attorneys who are experienced in class action litigation as well as employment litigation.

83. Plaintiff is able to fairly represent and properly protect the interests of the absent members of the proposed Rule 23 Class and have no interests conflicting with those of the Rule 23 Class.

84. The public will benefit from this case being brought as a class action because it serves the interests of judicial economy by saving the Court's time and effort and by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual Rule 23 Plaintiffs creates a risk of varying results based on identical fact patterns as well as disposition of the classes' interests without their knowledge or contribution.

85. Because of the nature of wage and hour claims brought during the course of employment, class members are often fearful of filing claims against their employers and would benefit from Plaintiff's willingness to proceed against Defendant. The anonymity inherent in a

---

[2] Hereinafter referred to as the "Rule 23 Plaintiffs".

class action suit further provides insulation against retaliation and/or undue stress and fear for the Rule 23 Plaintiffs' jobs and continued employment.

86. The questions of law and fact that are nearly identical for all class members make proceeding as a class action ideal. Without judicial resolution of the claims asserted on behalf of the proposed Rule 23 Class, continued violations of the NYLL/NYCRR will undoubtedly continue.

87. Whether Plaintiff and the Rules Class Plaintiffs were: (i) paid the statutorily required rate of one and a half times their hourly rate for all hours worked in excess of 40 per week; (ii) paid all of their earned and due straight-time wages; and/or (iii) issued the proper wage statements pursuant to the NYLL are common questions which can readily be resolved through the class action process.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
The Fair Labor Standards Act, 29 U.S.C. § 207
Made by Plaintiff on Behalf of All FLSA Plaintiffs
(Failure to Pay Overtime)

88. Plaintiff and the FLSA Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

89. Throughout the relevant time period, Plaintiff and the FLSA Plaintiffs were required to perform the Pre-Shift and Post-Shift work.

90. The work performed by Plaintiff and the FLSA Plaintiffs before and/or after their scheduled shift was in addition to their regular 40-hour-per-week schedule.

91. Throughout the relevant time period, Plaintiff and the FLSA Plaintiffs were not compensated anything, including overtime pay, for their time spent working before and/or after their scheduled shift.

92. Throughout the relevant time period, Plaintiff and the FLSA Plaintiffs were required to work and did in fact work in excess of forty 40 hours per week.

93. Defendant knowingly failed to pay Plaintiff and the FLSA Plaintiffs for all hours worked and failed to pay Plaintiff and the FLSA Plaintiffs the statutorily required overtime rate for all hours worked in excess of forty 40 per week.

94. Defendant's conduct was willful and lasted for the duration of the relevant time periods.

95. Defendant's conduct was in violation of the Fair Labor Standards Act.

**AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF**
**The New York Labor Law and the New York Codes, Rules, and Regulations § 142-1.4**
**Made by Plaintiff on Behalf of Rule 23 Class Plaintiffs**
**(Failure to Pay Overtime)**

96. Plaintiff and the Rule 23 Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

97. Throughout the relevant time period, Plaintiff and the Rule 23 Plaintiffs were required to perform the Pre-Shift and Post-Shift work.

98. The work performed by Plaintiff and the Rule 23 Plaintiffs before and/or after their scheduled shift was in addition to their regular 40-hour-per-week schedule.

99. Throughout the relevant time period, Plaintiff and the Rule 23 Plaintiffs were not compensated anything, including overtime pay, for their time spent working before and/or after their scheduled shift.

100. Throughout the relevant time period, Plaintiff and the Rule 23 Plaintiffs were required to work and did in fact work in excess of forty 40 hours per week.

101. Defendant knowingly failed to pay Plaintiff and the Rule 23 Plaintiffs for all hours worked and failed to pay Plaintiff and the Rule 23 Plaintiffs the statutorily required overtime rate for all hours worked in excess of forty 40 per week.

102. Defendant's conduct was willful and lasted for the duration of the relevant time periods.

103. Defendant's conduct was in violation of the New York Labor Law and the New York Codes, Rules and Regulations.

**AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF**
**The New York Labor Law § 193**
**Made by Plaintiff on Behalf of All Rule 23 Class Plaintiffs**
**(Deduction of Wages)**

104. Plaintiff and the Rule 23 Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

105. Throughout the relevant time period, Plaintiff and the Rule 23 Plaintiffs were required to perform the Pre-Shift and Post-Shift work.

106. Throughout the relevant time period, Plaintiff and the Rule 23 Plaintiffs were not compensated anything, including their straight-time rate, for their time spent working before and/or after their scheduled shift.

107. Defendant knowingly failed to pay Plaintiff and the Rule 23 Plaintiffs for all hours worked.

108. Defendant's conduct was willful and lasted for the duration of the relevant time periods.

109. Defendant's conduct was in violation of the New York Labor Law.

**AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF**
The New York Labor Law § 195
Made by Plaintiff on Behalf of All Rule 23 Class Plaintiffs
(Failure to Provide Proper Wage Statements)

110. Plaintiff the Rule 23 Class Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

111. Pursuant to the NYLL, employers are required to furnish employees with every payment of wages a statement that includes, among other things, their overtime rate or rates of pay, the accurate number of regular hours worked, and the accurate number of overtime hours worked.

112. Throughout the relevant time period, Defendant knowingly failed to provide Plaintiff and the Rule 23 Class Plaintiffs with the required wage statements and notices pursuant to NYLL.

113. Defendant's failure to provide Plaintiff and the Rule 23 Class Plaintiffs with the required wage statements and notices prevented them from learning they were being underpaid and from bringing an action to recover the withheld wages.

114. Defendant's conduct was willful and lasted for the duration of the relevant time period.

115. Defendant's conduct was in violation of New York Labor Law § 195.

**AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF**
The Americans with Disabilities Act, 42 U.S.C. § 12112
(Discrimination)

116. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

117. During her employment for Defendant, Plaintiff suffered a knee injury that impaired her ability to walk and commute.

118. Plaintiff requested a short-term remote work accommodation for her knee injury, which was denied by Defendant.

119. Plaintiff subsequently requested short-term leave accommodations for her knee injury, which were denied by Defendant.

120. Plaintiff was terminated by Defendant because it refused to accommodate her and she could not work in-office until April 30, 2025.

121. Defendant's failure to accommodate Plaintiff and its decision to terminate her violated the Americans with Disabilities Act.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF
### The New York State Human Rights Law § 296
### (Discrimination)

122. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

123. During her employment for Defendant, Plaintiff suffered a knee injury that impaired her ability to walk and commute.

124. Plaintiff requested a short-term remote work accommodation for her knee injury, which was denied by Defendant.

125. Plaintiff subsequently requested short-term leave accommodations for her knee injury, which were denied by Defendant.

126. Plaintiff was terminated by Defendant because it refused to accommodate her, and she could not work in-office until April 30, 2025.

127. Defendant's failure to accommodate Plaintiff and its decision to terminate her violated the New York State Human Rights Law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and the FLSA and Rule Plaintiffs employed by Defendant, demands judgment against Defendant as follows:

A. At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court should issue such notice, to all members of the FLSA Collective, defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

B. Designation of Plaintiff as a representative of the FLSA Collective and Rule 23 Class defined herein, and Plaintiffs' counsel as Collective and Class Counsel;

C. Certification of this action as a collective action pursuant to 29 U.S.C. § 216(b) for the purposes of the claims brought on behalf of all proposed FLSA Collective members under the FLSA;

D. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 for the purposes of the claims brought on behalf of all proposed Rule 23 Class members under the NYLL/NYCRR;

C. Demand a jury trial on these issues to determine liability and damages;

D. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

E. A judgment declaring that the practices complained of herein are unlawful and in violation of the FLSA, the NYLL, the NYCRR, the ADA, and the NYSHRL.

F. Awarding all damages which Plaintiff and FLSA Plaintiffs have sustained as a result of Defendant's conduct, including back pay for unpaid overtime wages and liquidated damages;

G. Awarding all damages which Plaintiff and Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including back pay for unpaid straight-time wages, unpaid overtime wages, liquidated damages, and penalties;

H. Awarding Plaintiff all damages which she has individually sustained as a result of Defendant's conduct, including back pay, general and special damages for lost compensation and job benefits she would have received but for Defendant's unlawful discriminatory and retaliatory conduct, front pay, punitive damages, and compensatory damages including for emotional distress humiliation, embarrassment, and anguish;

I. Awarding Plaintiff, the FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

J. Awarding Plaintiff, the FLSA Plaintiffs, and Rule 23 Plaintiffs pre-judgment interest at the highest legal rate, from and after the date of service of the initial complaint in this action;

K. Awarding Plaintiff, the FLSA Plaintiffs, and Rule 23 Plaintiffs post-judgment interest, as provided by law;

L. Awarding Plaintiff, the FLSA Plaintiffs, and Rule 23 Plaintiffs representing Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

M.      Granting Plaintiff, the FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated:      June 25, 2025
            Garden City, New York

Respectfully Submitted,

*/s/ Alexander M. White*
Robert J. Valli, Jr.
rvalli@vkvlawyers.com
Alexander M. White
awhite@vkvlawyers.com
**Valli Kane & Vagnini LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
T: (516) 203-7180

**ATTORNEYS FOR PLAINTIFF**